Blake J. Lindemann (SBN 255747)
Lindemann Law Firm
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310) 279-5269
Facsimile: (310) 300-0267
E-mail: blake@lawbl.com

Counsel To Interested Party
*Andrew Krayndler*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>YKA INDUSTRIES, INC., a California Corporation,<br><br>Debtor. | **Case No. 1:15-bk-11434-VK**<br><br>**Chapter 7**<br><br>**NOTICE OF MOTION AND MOTION FOR DISGORGEMENT OF FEES PURSUANT TO 11 U.S.C. § 329**<br><br>[Memorandum of Points and Authorities; Declaration of Andrew Krayndler In Support Thereof]<br><br>Hearing<br><br>Date: August 20, 2015<br>Time: 2:00 p.m.<br>Place: "301"<br>Judge: Hon. Victoria S. Kaufman |

1

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that interested party Andrew Krayndler ("Krayndler" or "Movant"), hereby moves the Court for an Order granting his motion for disgorgement of fees (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that this Motion is based on the following Memorandum of Points and Authorities, the Declaration of Andrew Krayndler attached thereto, the pleadings, argument and evidence on file with the Court in this case, and on such other and further matters as the Court may allow. In addition, Mr. Krayndler requests that the Court take judicial notice of all documents filed with the Court in this Case.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on August 20, 2015 at 2:00 p.m. by the Court, before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge presiding, in Courtroom "301", 21041 Burbank Blvd., Woodland Hills, California.

**PLEASE TAKE FURTHER NOTICE** that if you wish to object to or oppose the relief sought by the Motion, you must appear at the hearing scheduled by the Court and file and serve any responsive pleading on Movant's attorney at the address set forth above within 14 days prior to the above scheduled hearing. That pursuant to Local Bankruptcy Rule 9013-1(a)(11), if you fail to timely file a written response to the motion within such time period, the Court may treat such failure as a waiver of your rights to oppose the Motion and may grant the relief requested.

**PLEASE TAKE FURTHER NOTICE** that **your rights may be affected**. You should read this Motion and accompanying documents carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

**WHEREFORE,** the Movant requests that the Court enter an Order Granting the Motion, and granting such other and further relief as it deems necessary and appropriate.

///

///

///

Respectfully submitted,

LINDEMANN LAW FIRM

Dated: July 30, 2015                 By: _____
Blake J. Lindemann

Counsel to Interested Party
*Andrew Krayndler*

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In the Ninth Circuit, a court order granting employment is a mandatory prerequisite to compensation. *Law Offices of Ivan W. Halperin v. Occidental Fin. Group (In re Occidental Fin. Group)*, 40 F.3d 1059, 1062-63 (9th Cir. 1994). Because Debtor's former counsel, G. Bryan Brannan and the Law Offices of Bryan Brannan (collectively, the "Brannan Parties") did not file an application to be employed, the fees of $37,000 they received cannot be compensated. The necessary corollary is that the fees they received should be disgorged.

Second, the services provided by the Brannan Parties did not confer a benefit on the bankruptcy estate, the hours anticipated to be charged by the Brannan Parties are not reasonable, the Brannan Parties were derelict in their stewardship of this case and advice to the Debtor, the result of the case is the loss of Debtor's entire business, and the Brannan Parties' lack of proper representation has led to an additional layer of expense based on the appointment of a trustee. For this additional reason, no compensation should be awarded.

Third, the Brannan Parties' falsely claimed in their disclosure of compensation that they received $5,000 in fees for their representation in this Chapter 11 Bankruptcy Case. In fact, the Brannan Parties received $37,000. Many courts have held that an incomplete disclosure concerning the financial circumstances of a representation, warrant disgorgement.

For all these reasons, the Motion should be granted and all fees should be disgorged to Movant pursuant to 11 U.S.C. §329.

## II.

## FACTUAL BACKGROUND

On April 24, 2015, YKA Industries, Inc. ("YKA" or "Debtor") initiated its chapter 11 bankruptcy case ("Bankruptcy Case") by filing a petition with the Bankruptcy Court.

On May 15, 2015, the Brannan Parties filed a Disclosure of Compensation with the Bankruptcy Court, stating under penalty of perjury that for legal services, they had agreed to accept $5,000. (Docket Entry No. 24). Further, under penalty of perjury, the Brannan Parties disclosed

1 that "prior to the filing of the statement, they had received $5,000." *Id*. On question 2 on the Disclosure of Compensation, the Brannan Parties disclosed the "source" of compensation as "other", but the Brannan Parties did not specify the third-party payer. *Id*.

In fact, Mr. Krayndler, the president of the Debtor, had paid $37,000 to the Brannan Parties for the Brannan Parties' representation, not $5,000 as disclosed in the Disclosure of Compensation. Krayndler Decl. The source of the retainer was Mr. Krayndler's individual funds.

The Brannan Parties failed to make a disclosure to the Debtor pursuant to Cal. R. Prof. Conduct 3-310(f).

On May 22, 2015, the Bankruptcy Court issued an order to show cause because the summary of schedules and a list of equity security holders had not been filed on the docket of the Bankruptcy Court. (Docket Entry No. 35).

On May 28, 2015, the United States Trustee filed a motion to dismiss or convert the Chapter 11 case, largely based on lack of UST compliance. (Docket Entry No. 42). The Debtor was not properly advised about compliance deficiencies until after the Motion to Dismiss was filed, and was not properly advised as to how these defects could be remedied until only days before the motion. Thirteen days late, *and the date before the hearing on the Motion to Dismiss*, the Brannan Parties filed an opposition to the Motion to dismiss. (Docket Entry No. 42). The Debtor, nor Mr. Krayndler, were aware that the opposition deadline had been missed by thirteen days. The Court issued a tentative ruling on the Motion to Dismiss. Many of the perceptions of the Court in that ruling were based on issues the Debtor could have responded to and cured, had experienced chapter 11 counsel been retained.

On June 23, 2015 an order was entered directing the appointment of a chapter 11 trustee. On July 16, 2015, an order was entered converting the Chapter 11 Bankruptcy Case to Chapter 7. The Bankruptcy Case would not have been converted to chapter 7, nor would a trustee been appointed two months into the case, had the Debtor been represented by experienced chapter 11 counsel.

The Brannan Parties have not filed an application to employ, nor have they amended any disclosure regarding compensation during the entire pendency of the case. The Brannan Parties have not filed an application for compensation, despite the fact Debtor has been out of possession for over

BLAKE J. LINDEMANN
433 N. CAMDEN DRIVE, 4TH FLOOR
BEVERLY HILLS, CA 90210

a month.

This was not the Brannan Parties' first bankruptcy filing on behalf of the Debtor.  The Brannan Parties filed a previous petition for Debtor on March 20, 2015, Case No. 1:15-bk-10963-VK (Bk Case No. 1).  According to the Brannan Parties, in a declaration appended to a motion to extend deadline to file schedules filed on April 15, 2015, "The Debtor will propose a 100% plan within the next thirty days."  (Bk Case No. 1, Dkt. No. 11).  However, on April 21, 2015, the first bankruptcy case was dismissed, and the Court retained jurisdiction on all issues arising under 11 U.S.C. Sections 329 and 105. (Bk Case No. 1, Dkt. No. 13).  No 100% plan was proposed.

III.

## LEGAL ANALYSIS

A.    **Because The Brannan Parties Did Not Obtain Employment By Court Order, They Are Not Entitled To Compensation And The Necessary Corollary Is That They Must Disgorge All Fees To Payer, Mr. Krayndler**

Bankruptcy courts have express authority under the Code and the Rules, and under their inherent authority, to sanction attorneys. *Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir. 2009).  Estate professionals may not be paid compensation or expenses absent prior approval by the bankruptcy court obtained after notice and a hearing. 11 U.S.C. § 330(a); Fed. R. Bankr. Proc. 2016(a); *Knudsen Corp.*, 84 B.R. 668, 671 (9th Cir. B.A.P. 1988).

"[P]roper court approval of counsel's employment is a prerequisite for compensation under the Bankruptcy Code and Rules, and the bankruptcy court cannot simply disregard those rules and instead award compensation under quantum meruit or other state law theories." *In Re Castellucci*, B.A.P. No. CC-06-1232 (9th Cir. B.A.P. July 26, 2007) (reversing Bankruptcy Court's grant of partial payment of fees); *Law Offices of Ivan W. Halperin v. Occidental Fin. Group (In re Occidental Fin. Group)*, 40 F.3d 1059, 1062-63 (9th Cir. 1994).

Because the Brannan Parties did not seek Court authority to be employed in the more than three months this case has been pending, and they were not employed by any order of the Court, they are not entitled to compensation for any services.  For this reason alone, the Court should disgorge $37,000 to Mr. Krayndler.

**B.     Because The Brannan Parties Have Failed To Disclose The Circumstances Of Their Fee Arrangement, And Submitted A False Statement Concerning Their Compensation To The Bankruptcy Court Under Penalty Of Perjury, All Fees Should Be Disgorged**

The Ninth Circuit has held that the Bankruptcy Court "should deny **all compensation** to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the **nature and circumstances of his fee arrangement** under Section 329 and Rule 2016.  The authority to do so inherent, and in the face of such infractions should be wielded forcefully." *Law Offices of Nicholas A. Frank v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997) (emphasis added).  The "failure to comply with the disclosure rules is a sanctionable violation." *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 880 (9th Cir. 1995).

Further, Section 329(a) and Rule 2016(b) require a debtor's attorney to file a statement with the bankruptcy court concerning any payments of compensation to the attorney. Rule 2016(b) also requires that a supplemental statement be filed within 14 days after any payment not previously disclosed. Violation of any of these provisions can justify the denial of all compensation and expenses to the professional. *Lewis*, 113 F.3d at 1045; *Hale v. U.S. Trustee (In re Basham)*, 208 B.R. 926, 931 (9th Cir. B.A.P. 1997), *aff'd* 152 F.3d 924 (9th Cir. 1997).

Here, the Brannan Partied certified under penalty of perjury that they received $5,000, when in fact this was a false statement, and they actually received $37,000 from third-party payer Andrew Krayndler.  The Brannan Parties' materially false disclosure concerning the circumstances of their compensation, warrants disgorgement of the entire fee they have received.

**C.     The Brannan Parties' Retention Arrangement Failed To Comply With The California Rules Of Professional Conduct**

Rule 3-310 (f) of the California Rules of Professional Conduct requires a firm to obtain informed written consent prior to receiving compensation from a non-client third party.  Informed consent means the client's agreement, in writing, to the arrangement after disclosures are made in a manner the client can understand, and after client has received the opportunity in writing to consult independent counsel. *People v. Baylis* (2006) 139 CA4th 1054, 1068, 43 CR3d 559, 570.  Even with informed consent, a firm must establish there is no interference with the member's independence of

professional judgment or with the client-lawyer relationship; and that information relating to representation of the client is protected as required by Business and Professions code section 6068, subdivision (e).

Here, the Brannan Parties accepted a third-party retainer from Andrew Krayndler of $37,000. However, the Brannan Parties failed to disclose the payer to the Bankruptcy Court, and they failed to make the proper disclosures to the Debtor in connection with 3-310(f) of the California Rules of Professional Conduct. Accordingly, the Brannan Parties are not entitled to compensation and must disgorge $37,000 to Mr. Krayndler.

D. **The Services Rendered By The Brannan Parties Did Not Benefit The Bankruptcy Estate, The Debtor Was Not Adequately Advised On Compliance Requirements, And The Brannan Parties Did Not Perform Services Properly**

"Counsel has a duty to supervise clients' conduct for compliance with the Bankruptcy Code." *See, e.g., In re Nilges*, 301 B.R. 321, 325 (Bankr. N.D. Iowa 2003); *In re Whitney Place Partners*, 147 B.R. 619, 620-21 (Bankr. N.D. Ga. 1992) ("[T]he debtor's attorney must take conceptual control of the case and provide guidance for management of the debtor, not only to discern what measures are necessary to achieve a successful reorganization, but to assure that, in so doing, compliance with the Bankruptcy Code and Rules is sought rather than avoided."); *In re Sky Valley, Inc.*, 135 B.R. 925, 939 (Bankr. N.D. Ga. 1992) ("Debtor's attorney's duty as fiduciary of the estate requires an active concern for the interests of the estate and its beneficiaries.").

"Experience indicates that a business that files a Chapter 11 case, by definition, is already in trouble. Although competent counsel can by no means insure a successful reorganization, incompetent counsel will almost certainly insure failure. Only an attorney with expert knowledge of bankruptcy law can properly aid in the administration of the case." *In re Doors and More, Inc.*, 126 B.R. 43 (Bankr. E.D. Mich. 1991)(denying employment because counsel was not sufficiently competent to represent a Chapter 11 debtor).

Further, "[a] professional may not be awarded fees unless the applicant shows that there is a benefit to the estate." *In re Brierwood Manor, Inc.*, 239 B.R. 709, 719 (Bankr. D. N.J. 1999); *see also In re Stations Holding Co.*, 2004 Bankr. LEXIS 1220, *7 (Bankr. D. Del. 2004).

Here, the Brannan Parties' services did not confer a benefit on the estate. Instead, the Brannan Parties' advice to commence this chapter, and their dereliction of duties, led to total destruction of this Debtor's business and the appointment of a trustee. The appointment of a trustee has also led to the duplication of resources and additional expenses, and a very short-lived Chapter 11 case. The Brannan Parties did not provide sufficient advice as to compliance issues and filed an objection to the motion to dismiss thirteen days late, and the night before a dispositive motion to dismiss/motion to convert. Experienced chapter 11 counsel understands that, and would have assisted the Debtor's business to come into compliance with the requirements. For these additional reasons, the Motion should be granted.

## IV.

## **CONCLUSION**

For all the reasons set forth herein, the Brannan Parties should disgorge $37,000 (less demonstrable, actual, and necessary, out-of-pocket costs) to Mr. Krayndler. All rights are reserved to make further objections, to the extent the Brannan Parties provide an invoice for services rendered.

Respectfully submitted,

LINDEMANN LAW FIRM

Dated: July 30, 2014    By: _____
Blake J. Lindemann

Counsel to Interested Party
*Andrew Krayndler*

## DECLARATION OF ANDREW KRAYNDLER

I, Andrew Krayndler, declare and state as follows:

1. I am over the age of 18 and a resident of Los Angeles County. The matters stated herein are true and correct and within my personal knowledge. If called as a witness, I could and would competently testify thereto. I offer this Declaration in support of my Motion to disgorge attorney retainers paid.

2. On April 24, 2015, YKA Industries, Inc. ("YKA" or "Debtor") initiated its chapter 11 bankruptcy case ("Bankruptcy Case") by filing a petition with the Bankruptcy Court.

3. On May 15, 2015, the Brannan Parties filed a Disclosure of Compensation with the Bankruptcy Court, stating under penalty of perjury that for legal services, they had agreed to accept $5,000. (Docket Entry No. 24).

4. In fact, I paid $37,000 to the Brannan Parties for the Brannan Parties' representation of the Debtor in bankruptcy. I am informed and believed that of the $37,000 paid, $1,213 may have been paid for a filing fee.

5. The Brannan Parties did not make a disclosure to the Debtor pursuant to Cal. R. Prof. Conduct 3-310(f).

6. On May 28, 2015, the United States Trustee's office filed a motion to dismiss or convert the Chapter 11 case, largely from what I understand now, was based on reporting compliance, and issues related thereto. (Docket Entry No. 42). The Debtor was not properly advised about these compliance issues until after the Motion to Dismiss was filed, and was not properly advised as to how these defects could be remedied until only days before the motion. Thirteen days late, and the date before the hearing on the Motion to Dismiss, the Brannan Parties filed an opposition to the Motion to dismiss. (Docket Entry No. 42). I was not aware that the deadline had been missed by thirteen days. The Court issued a tentative ruling on the Motion to Dismiss that I have now reviewed with my successor counsel. Many of the perceptions of the Court in that ruling were based on issues the Debtor could have responded to and cured (or would never have arisen), had the Debtor been properly advised.

7. On June 23, 2015 an order was entered directing the appointment of a chapter 11

1  trustee.  On July 16, 2015, an order was entered converting the Chapter 11 Bankruptcy Case to
2  Chapter 7.  The Debtor's business has been ruined.

3      8.    The Brannan Parties have not filed an application to employ, nor have they amended
4  any disclosure regarding compensation.  The Brannan Parties have not filed an application for
5  compensation.  The Brannan Parties have not provided me, nor the Debtor an invoice for services
6  rendered.  Although the Brannan Parties have promised to deliver the Debtor's client file to my
7  successor counsel, they have not done so to date.

8      9.    I request that the Court enter an order disgorging the $37,000 (less any demonstrable,
9  actual, and necessary out of pocket expenses) that I personally paid to the Brannan Parties because
10 their advice given to Debtor was not proper, their errors and omissions caused significant damage to
11 the Debtor's business, the services they provided did not benefit the estate, the bankruptcy case was
12 short-lived, the Brannan Parties did not file an application to employ, the Brannan Parties did not
13 comply with the California Rules of Professional Conduct concerning retention, and the Brannan
14 Parties did not file an application for compensation.

[Balance of Page Left Blank – Signature Page To Follow]

**BLAKE J. LINDEMANN**
433 N. CAMDEN DRIVE, 4TH FLOOR
BEVERLY HILLS, CA 90210

1  I declare under penalty of perjury under the Laws of the United States that the foregoing is
2  true and correct.
3      EXECUTED THIS DAY OF JULY 29, 2015, AT BEVERLY HILLS, CALIFORNIA.

By: Andrew Kraymer

**BLAKE J. LINDEMANN**
433 N. CAMDEN DRIVE, 4TH FLOOR
BEVERLY HILLS, CA 90210

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 433 N. Camden Drive, 4th Floor, Beverly Hills, CA 90210

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR DISGORGEMENT OF FEES PURSUANT TO 11 U.S.C. § 329**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 30, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On July 30, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 30, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Hon. Victoria S. Kaufman, U.S. Bankruptcy Court, 21041 Burbank Boulevard, Woodland Hills, CA (courtesy copy – bin on 1st Floor)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 30, 2015 | Lana Meier | /s/ Lana Meier |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov
William H Brownstein on behalf of Interested Party WILLIAM H BROWNSTEIN
Brownsteinlaw.bill@gmail.com
Russell Clementson on behalf of U.S. Trustee United States Trustee (SV)
russell.clementson@usdoj.gov
Amy L Goldman (TR)
gabriela.garcia@lewisbrisbois.com, agoldman@ecf.epiqsystems.com
Allan H Ickowitz on behalf of Interested Party Goldrich & Kest Industries, LLC
aickowitz@nossaman.com, mwiman@nossaman.com
Doah Kim on behalf of Trustee Amy L Goldman (TR)
Doah.Kim@LewisBrisbois.com, Monique.Talamante@LewisBrisbois.com
Blake J Lindemann on behalf of Interested Party Andrew Krayndler
blindemann@llgbankruptcy.com, Blake@lawbl.com
Najah J Shariff on behalf of Interested Party Courtesy NEF
najah.shariff@usdoj.gov
United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov
Annie Verdries on behalf of Interested Party Courtesy NEF
verdries@lbbslaw.com, Autodocket@lbbslaw.com


**2. SERVED BY UNITED STATES MAIL**

G Bryan Brannan, Esq.
Law Offices of Bryan Brannan
100 N Westlake Blvd
Ste 201
Westlake Village, CA 91362

G Bryan Brannan, Esq.
100 N Westlake Blvd
Ste 201
Westlake Village, CA 91362

Office of the United States Trustee
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

Annie Verdries, Esq.
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th Street
Suite 4000
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**